

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 17, 1977

The Honorable Henry Wade
District Attorney
Dallas County
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. H-958

Re: Premiums on group insurance coverage for reserve deputy sheriffs.

Dear Mr. Wade:

You have asked if Dallas County may legally pay premiums for group disability, accidental death and dismemberment, and medical coverage insurance for those persons appointed reserve deputy sheriffs pursuant to article 6869.1, V.T.C.S. That statute reads, in part:

> Sec. 1. (a) The Commissioners Court . . . may authorize the sheriff . . . to appoint reserve deputy sheriffs . . . who shall be subject to serve as peace officers during the actual discharge of their official duties on call of the sheriff. . . .
>
> . . . . .
>
> (c) Such reserve deputy sheriffs shall serve at the discretion of the sheriff and may be called into service at any time the sheriff considers it necessary to have additional officers to preserve the peace and enforce the law . . . .
>
> (d) Such reserve deputy sheriffs . . . shall serve without pay but the Commissioners Court may provide compensation for the purchase of uniforms and/or equipment used by such individuals.
>
> . . . .

> (f) Such reserve deputy sheriffs, while on active duty at the call of the sheriff and while engaged in their assigned duties . . . shall be vested with the same rights, privileges, obligations and duties of any other peace officer of the State of Texas.
>
> Sec. 2.  The county and/or the sheriff . . . shall not incur any liability by reason of the appointment of any such reserve deputy sheriff . . . who incurs any personal injury while serving in such capacity.  (Emphasis added).

This statute was enacted in 1971, and a section of the bill passed by the Legislature provided, "[a]ll laws in conflict herewith are hereby repealed to the extent of such conflict."  Acts 1971, 62nd Leg., ch, 506 at 1738.  The status of reserve deputy sheriffs was discussed in Attorney General Opinions M-990 (1971), M-1026 (1971), and M-1267 (1972).  See also Attorney General Opinion H-228 (1974).

In 1967 the people of Texas added section 52e to article 3 of the Texas Constitution, which provides in part:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said . . . law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary. . . .  (Emphasis added).

Reserve deputy sheriffs, when on duty and serving pursuant to the call of the sheriff are clearly "county law enforcement officials" within the scope of the constitutional provision. No statute can forbid what the Constitution expressly allows nor do we think section 2 of article 6869.1 attempts to contravene the Constitution.

The constitutional provision authorizes the commissioners court to pay medical expenses, but it does not command that they be paid.  It does not impose liability on the county for such expenses.  The statute merely states that the county shall not incur any liability for personal injuries suffered by reserve deputies; it does not attempt to withdraw from the commissioners court the discretionary power lodged in it by the constitutional provision.

If the county voluntarily assumes the risk of paying the medical expenses of its reserve deputies resulting from injuries to them sustained in the course of their official duties, we think the county has the implied legal authority to protect itself against the risk it has assumed.  See Attorney General Opinions H-139 (1973), H-70 (1973), WW-813 (1960).

However, in our opinion no insurance coverage broader than that necessary to cover the risks voluntarily assumed by the county pursuant to law can be legally extended to reserve officers by the county.  Such an expenditure would be legally unauthorized because there would exist no public purpose for providing such coverage to reserve officers aside from compensating them, and the statute precludes their compensation.  See Attorney General Opinion H-338 (1974).

### S U M M A R Y

Premiums on group insurance coverage
for reserve deputy sheriffs may be paid
by a county only if the insurance coverage
is limited to the risk of loss for medical
expenses voluntarily assumed by the county
pursuant to article 3, § 52e of the Texas
Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb